[No. 39060. Department One. July 13, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. JOE CAMP, *Appellant.**

*Wettrick, Toulouse, Lirhus & Hove,* by *Ralph C. Hove* and *George J. Toulouse, Jr.,* for appellant.

*Robert E. Schillberg* and *Gerald R. Gates,* for respondent.

PER CURIAM.—The appellant was convicted of the crime of abduction in Snohomish County. This is the second appeal. For the particulars of the offense see *State v. Camp,* 67 Wn.2d 363, 407 P.2d 824 (1965). Briefly, appellant, aged 55 but giving his age as 45, wished to marry a girl 17 years, 3 months of age. Unable to obtain her parent's consent to immediate union, and too impatient to wait 9 months, he abducted her and carried her to an adjoining county where they were married.

Appellant was charged with the crime of abduction, tried before a jury and convicted. The maximum sentence of 10 years was suspended provided that he serve a year in the county jail under certain conditions and that he pay costs of prosecution. On appeal the judgment was affirmed.

Appellant returned to the trial court where he sought reconsideration of his sentence. This the trial court granted, and upon review the sentence of 10 years was suspended provided that appellant serve only 6 months in the county jail. The provision for costs (which have not yet been paid) was undisturbed. From this decision the appellant has ap-

*Reported in 430 P.2d 187.

pealed, asserting that the trial court abused its discretion in refusing to remit all of the jail time imposed.

■ In this state abduction is a crime, the penalty for which is set by statute. Appellant willfully committed that crime. It is true that he married his victim. But, a criminal offense is an injury to the public and not only to the victim. Just as "someone must generally go down in a shipwreck," so must a convicted felon expect to do some penance. The trial court might have inflicted the maximum penalty; instead, it substituted a 6 month jail sentence. There was not, in that act, a manifest abuse of judicial discretion. The judgment and sentence is affirmed.

HILL, J. (concurring)—I concur for the reasons stated in my concurring opinion in *State v. Camp*, 67 Wn.2d 363, 407 P.2d 824 (1965).

WEAVER, J., concurs with HILL, J.

FINLEY, C. J. (dissenting)—I dissent for the reasons stated in *State v. Camp*, 67 Wn.2d 363, 407 P.2d 824 (1965).